IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONINA DAWOOD, | ) | CASE NO. 1:12 CV 1489 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Donina Dawood under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial order[5] and

---

[1] ECF # 15. The parties consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

procedural order,[6] the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] The parties have participated in a telephonic oral argument.[10]

For the reasons that follow, the decision of the Commissioner will be reversed as not supported by substantial evidence, and the matter remanded for further proceedings.

## Facts

**A.   Background facts and decision of the Administrative Law Judge ("ALJ")**

Dawood, who was 18 years old as of the alleged onset date, is a high school graduate with two years of college and is a certified state tested nursing assistant.[11] Despite that background and training, Dawood testified that she has not been able to work consistently because of complications from her Crohn's disease.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Dawood had severe impairments consisting of Crohn's disease including history of ileocectomy [sic] with ileocolic anastomosis and regional enterisits [sic], anemia, hiatal

---

[6] ECF # 16.

[7] ECF # 17 (Commissioner's brief); ECF # 21 (Dawood's brief).

[8] ECF # 17, Attachment 1 (Commissioner's charts); ECF # 21, Attachment 1 (Dawood's charts).

[9] ECF # 13 (Dawood's fact sheet).

[10] ECF # 25.

[11] *See*, ECF # 21 at 3 (citing transcript).

[12] Transcript ("Tr.") at 43-55.

hernia, obesity, major depression, and personality disorder with borderline features.[13] The ALJ concluded that none of Dawood's impairments met or equaled a listing but did find that she had moderate difficulties with regard to concentration, persistence, and pace.[14]

The ALJ then made the following finding regarding Dawood's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for the following limitations:
>
> • The claimant can lift 10 pounds frequently, and 15 pounds occasionally
>
> • She can never climb ladders, ropes, or scaffolds
>
> • She can only occasionally stoop, kneel, crouch, or crawl
>
> • She requires access to a restroom as needed within a five minute walk of the work area
>
> • She is limited to simple tasks which can be learned in 30 days or less
>
> • She is limited to low stress work which does not require high production quotas, piece work, assembly line work, strict time requirements, arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others[15]

Given that residual functional capacity, the ALJ found Dawood incapable of performing any of her past relevant work as a bank teller, a home health aide, and a cashier.[16]

---

[13] *Id.* at 23.

[14] *Id.* at 25.

[15] *Id.*

[16] *Id.* at 28.

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Dawood could perform.[17] The ALJ, therefore, found Dawood not under a disability.[18]

**B.    Issues on judicial review**

Dawood presents three issues for judicial review:

1. Whether the ALJ gave appropriate weight to the opinion of Dr. Orra, Dawood's treating physician.[19]

2. Whether the ALJ's assessment of Dawood's mental residual functional capacity is supported by substantial evidence.

3. Whether new and material evidence regarding Dawood's Crohn's disease warrants remand for further consideration.

## Analysis

The relevant severe impairment is Crohn's disease. The ALJ adopted a conservative RFC finding that attempted to accommodate for the severity of Dawood's Crohn's disease by providing for access to a restroom *as needed* within a five minute walk of the work area.[20] The ALJ found Dawood incapable of performing her past relevant work[21] but determined that

---

[17] *Id.* at 29-30.

[18] *Id.* at 30.

[19] ECF # 21 at 1.

[20] Tr. at 25 (emphasis added).

[21] *Id.* at 28.

a significant number of jobs existed at step five based upon a hypothetical to a vocational expert ("VE") that included the bathroom access "as needed" limitation.[22] The existing jobs identified by the VE included order clerk in the food and beverage industry[23] and a front-desk receptionist (taking phone calls and greeting guests).[24]

There are numerous problems with the ALJ's decision in this case. Admittedly, Dawood suffered from Crohn's disease, and the record substantiates that at times the effects of this disease were debilitating. The record contains treatment notes from multiple gastroenterologists documenting her symptoms, treatments, and prognosis. None of these gastroenterologists, however, prepared a residual functional capacity evaluation.

The only residual functional capacity evaluation was done by Abdul Orra, D.C., Dawood's primary care physician. Dr. Orra did not treat Dawood for Crohn's disease, although he was aware of her problems and her treatment by specialists. His evaluation identified Crohn's disease as the impairment causing her limitations.[25]

As an initial matter, the ALJ never analyzed Dr. Orra's opinion for controlling weight as required by the regulations and as emphasized and underscored in the Sixth Circuit's decision in *Gayheart v. Commissioner of Social Security*.[26] The ALJ merely states that she

---

[22] *Id.* at 29.

[23] *Id.* at 61.

[24] *Id.* at 63.

[25] *Id.* at 761.

[26] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013).

gives Dr. Orra's opinion some weight. *Gayheart* rejects this bypassing of the controlling weight analysis in favor of discussion of what weight, less than controlling, a decision should receive as unacceptable.[27]

*Gayheart* aside, the ALJ does not reference any of the treating gastroenterologists. He does cite to various observations within their treatment notes. Under the Sixth Circuit's opinion in *Friend v. Commissioner of Social Security*,[28] an ALJ must not ignore the observations of treating physicians merely because they issue no opinions on limitations.[29] Rather, the ALJ must analyze these observations as to the severity of the impairment.[30] Severity of the impairment can bear on the determination of the appropriate extent of limitations imposed in the RFC.

This is particularly so here because of the ALJ's unfortunate decision to incorporate the language "as needed" into the RFC finding and the hypothetical to the vocational expert. "As needed" is ambiguous. There could be no need beyond normal breaks or, as indicated in the treatment notes of the gastroenterologists, unpredictable and a substantial number of bathrooms break within a day.

This becomes particularly important given the jobs identified by the vocational expert as existing for Dawood given her RFC. As extensively discussed on the record at the oral

---

[27] *Id.*

[28] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543 (6th Cir. 2010).

[29] *Id.* at 552.

[30] *Id.*

argument, both the order cashier job in the food and beverage industry and the receptionist job require the presence of the employee to address the task. If the employee is frequently absent for bathroom breaks, as needed, this will make it impossible for her to perform and maintain that job. The VE acknowledged this by testifying that if use of the bathroom caused Dawood to be off task for 20% of the time, no work would exist that she could do.[31]

On balance, this case has to be remanded for proper analysis of Dr. Orra's opinion consistent with *Gayheart* and for more attention to the notes, observations, and conclusions of the treating gastroenterologists about the severity of Dawood's Crohn's disease impairment. Based on that review, the RFC should be clarified regarding the frequency of the bathroom breaks needed by Dawood to address her impairment. Given this clarification, a proper hypothetical can be put to the vocational expert.[32]

## Conclusion

Because, for the reasons stated, the opinions of the treating physicians as to limitations or severity were not properly analyzed, this case must be remanded for further analysis and articulation as to those opinions and for clarification of the limitations with the RFC finding. Accordingly, the decision of the Commissioner denying Dawood disability insurance benefits

---

[31] Tr. at 63.

[32] Dawood also argues that the case should be remanded for consideration of evidence first presented to the Appeals Council. This evidence is material to the proper evaluation of the severity of Dawood's Crohn's disease impairment as reflected by the notes, observations, and conclusions of the treating gastroenterologists. Although a dispute exists as to whether this evidence is new, the ALJ should consider it on remand.

and supplemental security income is reversed and the matter remanded for further proceedings.

    IT IS SO ORDERED.


Dated: September 24, 2013                      s/ William H. Baughman, Jr.  
                                                         United States Magistrate Judge